IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONALD EARLE RUSHIN, | : |
| Petitioner, | : |
| VS. | : |
| | : NO. 5:17-cv-00184-MTT-CHW |
| WARDEN CALDWELL; *et al.*, | : |
| Respondents. | : |

## ORDER

Petitioner **RONALD EARLE RUSHIN**, an inmate in the Coffee Correctional Facility in Nicholls, Georgia, has filed a *pro se* petition for a federal writ of mandamus. ECF No. 1. Petitioner has also filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the following reasons, the Court **DENIES** Petitioner's motion to proceed *in forma pauperis* and also concludes that Petitioner's petition for a writ of mandamus must be **DISMISSED**.

### I. Motion to Proceed *in forma pauperis*

Federal law bars a prisoner from bringing a "civil action"[1] in federal court *in forma*

---

[1] Petitions for mandamus qualify as "civil actions" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("Allowing prisoners to continue filing actions as they had before the enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (second alteration in original)); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) ("[I]f a prisoner, contemplating the filing of a complaint . . . under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus directed to a prison official, the PLRA provisions should normally apply.").

*pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Petitioner has filed numerous federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Rushin v. Obriens*, ECF No. 3 in Case No. 1:10-CV-02106-RLV (N.D. Ga. July 29, 2010) (dismissing as frivolous); Order Dismissing Compl., *Ash (a/k/a Rushin) v. Adamson*, ECF No. 12 in Case No. 4:10-CV-55-CDL-GMF (M.D. Ga. June 30, 2010) (adopting recommendation of magistrate judge to dismiss as frivolous and for failure to state a claim); Order Dismissing Compl., *Rushin v. Freeman*, ECF No. 2 in Case No. 1:05-CV-01699-RLV (N.D. Ga. Aug. 16, 2005) (dismissing for failure to state a claim); *see also* Order Dismissing Compl., *Rushin v. Taylor*, ECF No. 4 in Case No.

1:16-CV-00357-ELR (N.D. Ga. Mar. 30, 2016) (adopting recommendation of magistrate judge to dismiss under 28 U.S.C. § 1915(g)). Petitioner is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Petitioner asserts that prison officials are trafficking in methamphetamine, cocaine, marijuana, cigarettes, and cell phones within the prison, and that, by allowing inmate gang members access to drugs, cigarettes, and cell phones, the officials are placing his life in harm's way. Petitioner's allegations regarding the distribution of drugs and other prohibited substances are too vague and conclusory to permit the Court to conclude that the "imminent danger" exception applies. *See White*, 157 F.3d at 1231 (denying "imminent danger of serious physical injury" exception because pleading was "largely a collection of vague and utterly conclusory assertions").

3

Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, is therefore **DENIED** pursuant to § 1915(g).

**II.  Preliminary Review**

Even if Petitioner was permitted to proceed *in forma pauperis*, his Petition is still subject to dismissal.  Because Petitioner is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint.  *See* 28 U.S.C. § 1915A(a).  When conducting a preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his Petition, Petitioner seeks an order requiring Respondents to transfer him to a different prison and to fire various prison officials for allowing Petitioner's life to be put in danger. ECF No. 1 at 3. Even when liberally construed, Petitioner's application does not seek relief available from this Court. The United States District Courts do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[2] *see also Lawrence v. Miami-Dade Cnty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.") Accordingly, this Petition is subject to dismissal pursuant to 28 U.S.C. § 1915A(b).[3]

## III. Conclusion

In sum, the Court **DENIES** Petitioner's motion to proceed *in forma pauperis*, ECF No. 2, and also finds his Petition for mandamus relief should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Because Petitioner may be able to seek relief for some of his claims pursuant to 42 U.S.C. § 1983, the dismissal of this mandamus Petition is without prejudice to Petitioner rights to refile his claims as a § 1983 case with pre-payment of the full $400 filing fee. *See Dupree v.*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3] Additionally, Petitioner does not appear to be interested in prosecuting his case, as he appears to have rejected the Court's previous orders. *See* ECF No. 4 (noting that an order sent to Petitioner was returned as undeliverable and marked "Return to Sender, Per Inmate").

*Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

**SO ORDERED**, this 16th day of August, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT